NATIONAL COUNCIL OF CSA LOCALS AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES (AFGE) AFL–CIO, Plaintiff,

v.

Richard S. SCHWEIKER Individually and in His Official Capacity as Secretary of Health and Human Services, Defendant.

No. Civ. A. 81–2267.

United States District Court, District of Columbia.

Oct. 21, 1981.

John Carr, Washington, D. C., John I. Heise, Jr., Silver Spring, Md., for plaintiff.

Andrew M. Wolfe, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

This case is now before the Court on plaintiff's motion for a preliminary injunction.[1]

---

1. The Court entered a temporary restraining order on September 22, 1981, and scheduled a hearing on the plaintiff's motion for a preliminary injunction on October 2, 1981. The hearing was subsequently rescheduled for October 1. The Court heard arguments on the motion for preliminary injunction on October 1. On October 2, the Court extended the temporary restraining order until October 12, 1981, and directed the parties to file additional memoranda and affidavits on certain issues raised during the October 1 hearing. The defendant and plaintiff filed further submissions on October 5 and 7 respectively. On October 9, 1981, the

I

Very briefly, the underlying facts are as follows: The Community Services Administration (CSA) was established to administer programs designed to eliminate poverty. In August 1981, Congress passed the Omnibus Budget Reconciliation Act of 1981 (Budget Act), Pub.Law 97–35, which terminated CSA effective September 30, 1981, and made a number of changes in the administration of the anti-poverty programs. Effective October 1, 1981, the Department of Health and Human Services (HHS) assumed responsibility for administering most, if not all, of the programs previously administered by CSA.

The dispute leading to the filing of this action by the plaintiff results from a disagreement between the plaintiff, and the former CSA employees it represents, and the defendant as to how HHS should select employees to administer those programs formerly administered by CSA. Plaintiff contends that there has been a transfer of functions from CSA to HHS and that pursuant to the Veterans Preference Act of 1944 (VPA), as amended, 5 U.S.C. § 3503, former CSA employees should be given preference when HHS selects persons to administer those programs transferred to that agency.

The defendant contends that the VPA does not apply to the present transfer from CSA to HHS for two reasons. First, he argues that Congress has specifically exempted the transfer from the coverage of the VPA by giving the Director of the Office of Management and Budget (OMB) broad discretionary power to terminate the affairs of CSA including the power to "provide for the transfer or other disposition of personnel". Budget Act, § 682(e). Second, the defendant contends that notwithstanding the overall applicability of the VPA to this transfer, the VPA is inapplicable here because there has been no transfer of functions from CSA to HHS.

At this point in time, HHS has not begun to permanently employ persons to administer the former CSA programs, although it has hired some temporary employees pending the resolution of this litigation or the close out of certain aspects of the former CSA programs. Defendant admits however that it is his intention to select permanent employees to administer the program without reference to the VPA.

II

In order to prevail on a motion for a preliminary injunction, the plaintiff must demonstrate that the former CSA employees are likely to succeed on the merits, that they lack an adequate remedy at law and would suffer irreparable injury if injunctive relief is not granted, that the other parties will not suffer substantial harm if injunctive relief is granted, and where lies the public interest. *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 182 U.S.App.D.C. 220, 559 F.2d 841 (1977); *Virginia Petroleum Jobbers, Inc. v. FPC*, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958).

In the view of this Court, there are two distinct issues presented by the parties. One is a question of law, that being whether Congress has expressly exempted this transfer from the coverage of the VPA. If Congress has exempted this transfer from the VPA, then this dispute is at an end and the defendant would prevail on all issues. Indeed, if the defendant is correct, it is appropriate for the Court to dismiss this action without consideration of the second issue. If the plaintiff is correct that Con-

Court extended the temporary restraining order until October 14, 1981 at 4:00 p. m.

The temporary restraining order was clarified by the Court's orders dated October 1 and October 9 which provided that the temporary restraining order did not preclude defendant from using current Department of Health and Human Services employees "on a purely temporary basis to perform the tasks necessary to discharge the agency's obligation under the Omnibus Reconciliation Act of 1981" (Order, October 1, 1981) and providing that former Community Services Administration employees could be hired by HHS on a temporary basis to perform the closeout, transition and Inspector General functions (Order, October 9, 1981). These clarifications and modifications were made at the request of the defendant.

gress has not exempted the transfer from the VPA, then it is incumbent upon HHS to hire permanent employees to perform any former CSA functions pursuant to the requirements of the VPA. This does not mean however, that all or even the majority of the former CSA employees will or should be hired by HHS. The number hired would depend upon which functions of CSA have been transferred and whether the functions of particular employees have been transferred.

The second issue then is, assuming that the transfer has not been exempted from the coverage of the VPA, which functions, if any, of the former agency and its former employees have been transferred. The determination of whether there has been a transfer of functions will depend upon a careful review of the functions of the CSA as compared with the functions of the HHS office administering the former CSA programs. A review of the Budget Act makes it appear that some functions have been transferred and that those functions will be continued to be performed in the new agency for at least one year; however such a determination cannot rest upon a mere review of the statute itself.

The decision whether to grant preliminary injunctive relief depends then on the consideration of the two separate issues stated above.

### III

■ The first issue is whether Congress has specifically exempted the present transfer from the coverage of the VPA. This is solely a question of law.

The Veterans Preference Act, as amended, provides:

(a) When a function is transferred from one agency to another each preference eligible employed in the function shall be transferred to the receiving agency for employment in a position for which he is qualified before the receiving agency may make an appointment from another source to that position.

(b) When one agency is replaced by another, each preference eligible em-

ployed in the agency to be replaced shall be transferred to the replacing agency for employment in a position for which he is qualified before the replacing agency may make an appointment from another source to that position.

5 U.S.C. § 3503. When Congress passed the VPA it "was primarily concerned with the problems caused by major government reorganizations". *McNamara v. Dick*, 116 U.S. App.D.C. 271, 273, 323 F.2d 276, 278 (1963), *cert. denied* 375 U.S. 895, 84 S.Ct. 171, 11 L.Ed.2d 124.

■ While the VPA applies to all cases where a "function is transferred from one agency to another" or "one agency is replaced by another" Congress may exempt any transfer from the coverage of the statute. *See Myers v. Hollister*, 96 U.S.App. D.C. 388, 226 F.2d 346 (1955), *cert. denied* 350 U.S. 987, 76 S.Ct. 474, 100 L.Ed. 854 (1956); *Kirschner v. United States*, 172 Ct.Cl. 526 (1965). Thus the court in *Myers* ruled that Congress exempted the transfer from the VPA when it provided in the statute in question that the director of the agency shall determine "which individual employees shall be retained". 96 U.S.App. D.C. at 389, 226 F.2d at 347. That it was the intent of Congress to exempt the agency from the coverage of the VPA was also obvious from the statute's legislative history. There the report stated that the director was to carry out the program and determine which employees to retain "without regard to existing statutes, regulations and procedures for reduction in force". 96 U.S.App.D.C. at 391, 226 F.2d at 349 (citing H.R.Rep.No.1922, 82d Cong., 2d Sess., 67–68 (1952)).

Similarly in *Kirschner, supra* at 527, the court ruled that language to the effect that "notwithstanding any other provision of law" the President shall transfer to the agency "such personnel . . . as the President determines to be necessary", exempted the transfer from the VPA.

Here the defendant has failed to direct this Court's attention to language exempting this transfer from the VPA, and of

course repeal by implication is not favored. Defendant argues that the provision that the Director of OMB "shall provide for the transfer or other disposition of personnel, assets, liabilities, grants, . . ." exempts the transfer from the VPA. This Court cannot agree. That language can just as easily be construed to support plaintiff's argument in that it refers to a "*transfer . . . of person-nel*". Moreover, that portion of the legislative history cited by defendant providing that the Community Services Block Grant "is clearly a new program within [HHS], not a transfer of authority", H.R.Rep.No. 208, 97th Cong., 1st Sess., 767–68 (1981) U.S.Code Cong. & Admin.News, pp. 396, 1128–1130 does not have the effect of exempting the transfer from the coverage of the VPA.

Congress could have specifically exempted the transfer from the requirements of the VPA by simple language but chose not to do so. This being the case, the Court concludes that it was not Congress' intent to exempt the transfer and that the Veterans Preference Act applies to this transfer. Thus the Court rules as a matter of law that the transfer from CSA to HHS is subject to the coverage of the Veterans Preference Act of 1944, as amended. Having so concluded, it follows that the plaintiff is entitled to injunctive relief requiring the agency (HHS) to screen potential employees having in mind the preferences afforded to former CSA employees by the Veterans Preference Act.

Although this case is before the Court on plaintiff's motion for preliminary injunction, there now appears to be no reason why the Court should not enter a final order on the limited issue of whether the transfer has been exempted from the coverage of the VPA. The issue has been argued by the parties and raises a question of law. The parties have had a full opportunity to cite relevant cases and statutes in support of their respective positions. Moreover, it is in the best interest of the parties that this limited issue be resolved by the Court at the earliest possible date since the future actions of HHS in filling vacancies for any transferred functions from CSA depend upon whether the VPA applies to the transfer.

Thus the Court will enter a permanent injunction enjoining the defendants from selecting employees to administer the former CSA program without utilizing the Veterans Preference Act of 1944, as amended.[2]

## IV

■ The Court having concluded that Congress has not exempted this transfer from VPA it is necessary to determine whether there has been a transfer of functions from CSA to HHS and/or a transfer of functions of former CSA employees to HHS. This raises what is primarily a question of fact and requires a careful review of the functions at CSA as compared with the new functions at HHS. As was previously noted, a determination on the issue of transfer of functions cannot be based on a simple reading of the statute.

The defendant contends that the Court should not reach this issue but rather should allow the initial determination to be made by the agency with any appeal to the Merit Systems Protection Board. This Court agrees.

The Court has already ruled that Congress has not exempted this transfer from the coverage of VPA. Therefore, this becomes a starting point for the agency in its selection of employees to administer the former CSA programs. The agency should make a good faith effort to review the old and new functions and the individual functions performed at CSA and to be performed at HHS. If the agency determines that there has been a transfer of functions to HHS then the preferences provided by the VPA apply. Any employee who is dissatisfied with the agency determination may administratively appeal that decision to the Merit Systems Protection Board

---

**2.** The Court's permanent injunction on this limited issue is identical to the Court's grant of a temporary restraining order and a preliminary injunction.

(Board), 5 U.S.C. § 7701, and if dissatisfied with the decision of the Board, may seek judicial review, 5 U.S.C. § 7703.

As concerns the second issue, that is, whether there has been a transfer of functions, the Court concludes that the former CSA employees have an adequate remedy at law, that is, the appeal of any adverse determination to the Board. Although this may result in the loss of income for some employees for a short period of time, the Supreme Court has held that such a loss does not constitute irreparable injury. *Sampson v. Murray*, 415 U.S. 61, 90–92, 94 S.Ct. 937, 952–953, 39 L.Ed.2d 166 (1974). Furthermore, the Board, should the employees prevail, can grant back pay and restoration of benefits. While it is unusual to have an entire agency terminated, which in turn results in a number of cases being brought before the Board, it is noted that the Board can entertain the complaints as a class action. 5 CFR § 1201.27. In the event two or more parties file complaints with the Board, the Board is also empowered to consolidate or join those appeals upon a determination that they "contain identical or similar issues". 5 CFR § 1201.-36. The employees can be represented by the union before the Board. *See e. g., Wells v. Harris*, 1 MSPB 199 (1979). Finally, in view of the somewhat unique posture of these appeals, time being of the essence, the parties may wish to request expedited consideration by the Board. *See* 5 CFR § 1201.41(b).

Time is of the essence and expedited resolution is in the best interest of the former CSA employees because some of them will be without employment, the agency because it has a program to administer, and the public because the efficient administration of the program is in their best interest. The Court concludes that these issues should be resolved first upon initiation by the agency and then upon appeal to the Board with a possibility of judicial review if the employees are not satisfied.

In view of the above, with respect to the issue involving whether there was a transfer of functions under the Veterans Prefer-ence Act, the Court rules that that is an issue properly presented to the Merit Systems Protection Board with review by the Court of Claims or the Court of Appeals.

V

To summarize, the Court concludes that Congress has not exempted the subject transfer from the coverage of the Veterans Preference Act of 1944, as amended, and that the defendant in selecting employees to fill those functions transferred from CSA to HHS is required to accord preference to the former CSA employees. Since this is an issue of law and all parties have had an opportunity to brief and argue the questions the Court will enter a final injunction order. *See* Fed.R.Civ.P. 65(a)(2). Thus, the Court shall direct that the defendants are permanently enjoined from selecting employees to administer functions which have been transferred to HHS from CSA without according those employees preference under the Veterans Preference Act of 1944, as amended. This shall constitute the final order of the Court on this limited issue.

As to the issue concerning whether there has been a transfer of functions under the Veterans Preference Act, the Court concludes that that issue should not be entertained by the Court in the absence of the former CSA employees exhausting any administrative remedies.

The initial decision whether there has been a transfer of functions should be made by the agency. Any employee dissatisfied with the agency determination may process his appeal to the Merit Systems Protection Board. Of course, any employee who disagrees with the Board's determination may seek judicial review. The fact that the employee may administratively appeal to the Board with a further right of judicial review satisfies this Court that on the second issue, the question of whether there has been a transfer of functions, the employees have an adequate remedy at law. The Board, if it upheld those claims, may grant appropriate relief including back pay and restoration of benefits. This being the case these plaintiffs will not suffer irrepa-

rable injury. *See Sampson v. Murray, supra.*

In view of the above, the Court must deny plaintiff's request for a preliminary injunction on the second issue. Indeed, on that issue, the Court concludes that the appropriate remedy is for the CSA employees to exhaust their administrative remedies. Since plaintiffs have failed to do so up to this time, this aspect of the case must be dismissed.

An appropriate order shall issue.

## ORDER

It is hereby

ORDERED that the attached Memorandum and Order, both dated October 16, 1981, are substituted for the Memorandum and Order filed on that date. The attached Memorandum and Order make no substantive changes to the original ruling of the Court.

## ORDER

Pursuant to the Memorandum filed in this case on October 16, 1981, the Court concludes as follows:

*First Issue.* Congress has not exempted the transfer of anti-poverty programs from the Community Services Administration to the Department of Health and Human Services, *see* Omnibus Budget Reconciliation Act of 1981, from the coverage of the Veterans Preference Act of 1944, as amended, 5 U.S.C. § 3503. This being the case the defendant must select any employees pursuant to the preferences accorded under the Veterans Preference Act of 1944. The plaintiff is therefore entitled to a permanent injunction on the first issue.

*Second Issue.* The question of whether there has been an actual transfer of functions from the Community Services Administration to the Department of Health and Human Services is a question of fact. Plaintiff, and the employees it represents, have an adequate remedy at law, that is, once the agency has made its determination, those former employees of the Community Services Administration who are

dissatisfied may appeal to the Merit Systems Protection Board pursuant to 5 U.S.C. § 7701. This being the case, the plaintiff and the employees it represents, will not suffer irreparable harm if injunctive relief is denied, and moreover they have failed to exhaust their administrative remedies. The second issue before the Court must therefore be dismissed.

In view of the above, it is hereby

ORDERED as to the First Issue, that the defendant, his officers, agents, servants, employees and those persons in active concert and participation with him are permanently enjoined from selecting employees to administer the former Community Services Administration programs without giving preferences as required by the Veterans Preference Act of 1944, and it is further

ORDERED, as to the Second Issue, that the plaintiff and the employees it represents, not having exhausted their administrative remedies, this aspect of the case is dismissed.