Cassandra M. MENOKEN, Petitioner,

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**Appeal No. 85–861.**

United States Court of Appeals, Federal Circuit.

Feb. 18, 1986.

Lois Hochhauser, Washington, D.C., submitted for petitioner.

Mary Mitchelson, of the Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, and Robert A. Reutershan, Asst. Director. Daniel J. Edelman, Office of General Counsel, Dept. of Health and Human Services, was of counsel.

Before FRIEDMAN, BALDWIN, and NEWMAN, Circuit Judges.

FRIEDMAN, Circuit Judge.

This case is a sequel to our decision in *Certain Former CSA Employees v. Department of Health & Human Services*, 762 F.2d 978 (1985) (*Former CSA Employees*). There we affirmed the decision of the Merit Systems Protection Board (Board) that (1) upheld a reduction in force resulting from the abolition of the Community Services Administration and the transfer of some of that agency's functions and employees to a new agency, the Office of Community Services (new agency), and (2) remanded the case to give former employees of the Community Services Administration the opportunity to show that they had greater rights to positions in the new agency than the employees who had been transferred to those positions. In the present case, the Board held in a remanded proceeding that the retention rights of the petitioner, a former Community Services Administration employee who had not been transferred to the new agency, had not been violated in the reduction in force. We affirm.

I

A. The background facts are set forth in detail in *Former CSA Employees* and need not be repeated here. In summary, they are as follows:

The Community Services Administration, which administered the grants under the federal antipoverty programs made to state community action agencies, was abolished on September 30, 1981. A new agency, the Office of Community Services, was established in the Department of Health and Human Services (Department). Certain of the functions the Community Services Administration had performed were transferred to the new agency. In *Former CSA Employees*, we upheld the Board's findings that, with one exception not here relevant, all the functions of the Community Services Administration had been transferred to the new agency, and we recognized that the Department had conceded that "all the Community Services Administration employees were 'identified' with" the transferred functions. 762 F.2d at 983.

When it was abolished, the Community Services Administration had more than 900 employees. The new agency, which had only 165 employees to perform the transferred functions, filled those positions with former Community Services Administration employees. Because the Community Services Administration had not maintained adequate personnel records, the Department

could not reconstruct exact reduction-in-force priority registers for the Community Services Administration employees or determine the exact priorities among

those employees for the new positions in the Office of Community Services. It therefore established master retention lists that ranked each permanent Community Services Administration employee according to veterans preference rights and dates of service. . . .

The Department then offered permanent appointments for each position in the Office of Community Services that was associated with a transferred function. The offers were made to those employees who had the highest retention standing on the master list.

*Id.* at 981.

On the appeal of former Community Services Administration employees who had not been selected for positions in the new agency under this procedure, the Board held that

the Department had not followed the governing reduction-in-force procedures. The Board, however, refused to "invalidate the entire reduction in force." It ruled:

Where, as in this case, the ultimate question for resolution relates to the retention of substantially fewer employees than were necessary prior to the transfer, the agency's noncompliance with certain provisions of part 351 does not warrant unconditional reversal of the entire reduction in force since many of those employees would have been subjected to separation from the federal service in any event.

The Board remanded the case to determine "[t]he effects of this agency error as it relates to each [petitioner]." In these proceedings, each petitioner could present "evidence that tends to establish that he was denied retention to which he was otherwise entitled," and to "identify a position or positions for which he was qualified that have been assigned to other employees with less retention standing or positions occupied by employees who had no initial entitlement to transfer."

*Id.* at 983–84.

In affirming the Board's decision, we "conclude[d] that the Board has devised an appropriate procedure to determine whether any of the employees of the former agency who were not employed at the latter agency should have been so employed because of their retention priorities." *Id.* at 985.

B. When the Community Services Administration was abolished, the petitioner was a GS–14 attorney advisor at that agency. She was not offered a position at the new agency and therefore was removed on September 30, 1981, pursuant to the reduction in force.

The petitioner was a party to the Board proceedings to review the reduction in force. Pursuant to the remand ordered in that case and after a hearing, the presiding official of the Board on August 30, 1984 (prior to our decision in *Former CSA Employees* ), upheld the removal of the petitioner.

The presiding official held that the petitioner's function was transferred only to the new agency and that the petitioner therefore was "entitled only to compete for positions" in the new agency. The presiding official ruled that the petitioner was not entitled to any of the four attorney positions in the new agency.

Three of those positions were at grade GS–15. The presiding official held that the petitioner, who had been a GS–14 in the Community Services Administration, was not entitled to any of those three positions because "[a]n employee is not entitled to assignment at a higher grade through transfer of functions or reduction in force." The presiding official ruled that the petitioner was not entitled to the GS–14 position since that position was filled by an employee who was in a higher tenure group on the master list than the petitioner.

The petitioner sought review of the Board's decision in this court. We stayed her case pending the decision in *Former CSA Employees.*

## II

As we explained in *Former CSA Employees,* in the proceeding on remand each employee

could present "evidence that tends to establish that he was denied retention to which he was otherwise entitled," and to "identify a position or positions for which he was qualified that have been assigned to other employees with less retention standing or positions occupied by employees who had no initial entitlement to transfer."

*Id.* at 983–84. In upholding the remand procedure, we recognized, as had the Board, that although the reduction in force had not been conducted in accordance with proper procedures, it would have been inappropriate to set aside the entire reduction in force because "[o]nly a relatively small percentage" of the more than 900 employees of the Community Services Administration "were entitled to employment" at the new agency, which had only 165 employees. *Id.* at 984. We further pointed out that "[a]ll or most of the employees so entitled, in fact, may have been hired." *Id.* We explained that on the remand the burden rests on the employee initially

> to show that there was a position in the new agency "assigned to [an]other [former Community Services Administration] employee[ ] with less retention standing or ... occupied by [an] employee[ ] who had no initial entitlement to transfer." If an employee makes such a showing, the burden then will shift to the Department to refute that showing. If the Department cannot do so, the employee will be entitled to that position. Since it is conceded by all parties before us that all Community Services Administration employees were identified with functions that were transferred, the only issue on the remand will be the relative retention priorities of the employee claiming the particular position and the employee appointed to it.

*Id.*

The question before us thus is whether the petitioner established that there was any position in the new agency to which she had a greater entitlement than the person appointed to that position. We conclude, as did the Board, that petitioner did not make that showing and that accordingly the Board properly upheld the application of the reduction in force to the petitioner.

■ A. There were four attorney positions in the new agency. The petitioner asserts that she was "qualified" for all of them. Three of the positions were at grade GS–15, but the petitioner had been only a grade GS–14 at the Community Services Administration.

The Board correctly held that she was not entitled to any of these GS–15 positions. The petitioner's contrary argument relies upon the word "qualified" in the prior decisions of the Board and this court, which she construes to mean that she is entitled to any position in the new agency for which she had the necessary qualifications.

Read in context, however, that word meant only that in addition to showing that a particular position in the new agency was within the applicable competitive area, the employee also had to show that he had the qualifications to fill the position. Neither the Board nor the court intended to expand the scope of the employee's right to cover every position in the new agency for which the employee might be qualified, without regard to the position he or she held in the Community Services Administration. Indeed, it would be anomalous if, as a result of a reduction in force, an employee who initially was removed could use flaws in the reduction in force to obtain a higher grade than the one he had held. As the presiding official correctly stated, "[a]n employee is not entitled to assignment at a higher grade through transfer of function or reduction in force. *See* 351.302(c) and 5 C.F.R. § 351.703." *See Mello v. Department of Energy,* 20 M.S.P.R. 45 (1984).

■ For similar reasons the Board correctly refused to permit the petitioner to show that her position in the Community Services Administration should have been classified at grade GS–15 or that she was qualified for a position at that level. In determining the retention rights of the for-

mer employees of the Community Services Administration, the Board necessarily had to look to the situation as it actually existed in that agency when the reduction in force took place on September 30, 1981, and not to the situation that might or should have existed on that date. It would be almost impossible to determine the retention rights of employees affected by a reduction in force or transfer of function if the correctness of the classification of the positions the employees held had to be re-examined. Reductions in force deal with actual and not theoretical or possible situations.

The presiding official further held that the petitioner could not displace the incumbent of the only GS–14 position at the new agency, Alfred J. Harris, because she was in a lower retention group on the master list, group IB, than Harris, who was in group IAD. Although the petitioner contends that she had "superior rights" to three named individuals in the Department (see below), she does not contend that her retention rights were superior to those of Harris, who was at the top of the master retention list. Moreover, his service computation date was July 20, 1972, and her date was January 6, 1976.

The petitioner argues that she had superior rights to three named persons at the new agency. Two of those individuals, however, were investigators from the Department of Justice who had been detailed to the new agency. The third person, John Mayers, held a GS–15 position to which, as we have shown, the petitioner was not entitled.

■ B. The petitioner argues that she was entitled to displace other attorneys elsewhere in the Department besides those holding the four positions in the new agency described in part A above. The argument rests on the assertion that those other attorneys performed work for the new agency and that that fact somehow qualified the petitioner for their positions.

The functions that were transferred upon the abolition of the Community Services Administration were transferred solely to the new agency and not elsewhere within the Department. The only right the Community Services Administration employees had was to be transferred to "a position in the new agency" that had been given to a former Community Services Administration employee with lower retention rights than the protesting employee. 762 F.2d at 984. No attorney positions were transferred from the Community Services Administration to components of the Department other than the new agency.

Attorney positions elsewhere in the Department did not become positions transferred from the Community Services Administration merely because the attorneys in those positions performed some legal work for the new agency. Indeed, there is no indication that any of those other attorney positions in the Department were filled by transferring former Community Services Administration attorneys.

This argument of the petitioner rests upon the same erroneous concept of "qualification" that underlies her contention that she was entitled to one of the GS–15 positions in the new agency. For the reasons given in part IA, *supra*, this argument also fails.

C. Underlying much of the petitioner's argument is the contention that the Board was barred from any reliance upon the master retention lists in determining whether a particular former Community Services Administration employee was entitled to displace another such employee who had been transferred to the new agency. That issue, however, was litigated and decided adversely to the former Community Services Administration employees in the *Former CSA Employees* case, to which the petitioner was a party.

Although neither the Board nor this court explicitly addressed the use of the master list, approval of that use was implicit in the decisions. Our decision noted that the master lists "establishing priority retention rankings for all the former Community Services Administration employees ... did not satisfy the requirements of

traditional reduction-in-force registers...." 762 F.2d at 984. We nevertheless upheld the Board's handling of the case under the remand procedure it devised "to determine whether any of the employees of the former agency who were not employed at the latter agency should have been so employed because of their retention priorities" as "a reasonable method of dealing with perhaps a unique and certainly most unusual situation." *Id.* at 985.

In so holding, we did not intend to require the Board to attempt to reconstruct "traditional reduction-in-force registers." Instead, we intended to, and did, give the Board considerable discretion in determining the bases upon which it would ascertain whether particular former Community Services Administration employees had a higher right to a position in the new agency than the employee the new agency had appointed. We cannot say the Board abused its discretion in the method it used in deciding that question in this case adversely to the petitioner.

The order of the Board upholding the application of the reduction in force to the petitioner is affirmed.

AFFIRMED.