**Paul V. GEARAN, Petitioner,**

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent,**

**and**

**Merit Systems Protection Board, Intervenor.**

**Appeal No. 87–3449.**

United States Court of Appeals, Federal Circuit.

Nov. 1, 1988.

Phillip R. Kete, of Gaffney, Schember & Kete, Washington, D.C., argued, for petitioner.

Stephen J. McHale, of the Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With him on the brief, were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, and Mary Mitchelson, Asst. Director. Of counsel, was Daniel J. Edelman, of the Dept. of Health and Human Services, Washington, D.C.

Before FRIEDMAN, NEWMAN, and ARCHER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Paul V. Gearan appeals the decision of the Merit Systems Protection Board, *sub nom. Dockterman v. Department of Health and Human Servs.*, 33 M.S.P.R. 522 (1987), wherein the board limited Mr. Gearan's back pay to the date on which the Office of Community Services (OCS) of the Department of Health and Human Services (DHHS) filled the position to which the board found he was entitled, and rejected his request for pay back to the date on which the functions of the Community Services Administration (CSA) were transferred to DHHS. We reverse.

*Discussion*

Effective September 30, 1981, CSA was dissolved and its functions transferred to the newly-created OCS, in accordance with the Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97–35, §§ 671–83, 95 Stat. 357, 511–19. After various administrative processes and judicial interventions, the dissolution was designated a reduction-in-force to be implemented based on a Preference Order Master Listing. *See, e.g., Certain Former CSA Employees v. Department of Health and Human Servs.*, 762 F.2d 978, 981 (Fed.Cir.1985); *see also National Council of CSA Locals v. Schweiker*, 526 F.Supp. 861, 866 (D.D.C.1981). The transferred functions were filled in accordance with assignment rights under the Master Listing. *See Acerno v. Department of Health and Human Servs.*, 815 F.2d 680, 681 (Fed.Cir.1987); *Ahlberg v. Department of Health and Human Servs.*, 804 F.2d 1238 (Fed.Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 3183, 96 L.Ed.2d 672 (1987); *Pettis v. Department of Health and Human Servs.*, 803 F.2d 1176 (Fed.Cir.1986); *Menoken v. Department of Health and Human Servs.*, 784 F.2d 365 (Fed.Cir.), *cert. denied,* 479 U.S. 883, 107 S.Ct. 273, 93 L.Ed.2d 249 (1986). Certain positions were deemed effective when the positions were funded. *See Hayes v. Department of Health and Hu-man Servs.*, 829 F.2d 1092, 1105 (Fed.Cir. 1987).

A

Mr. Gearan was employed as an attorney-advisor with CSA. Although he did not have sufficient preference to qualify for permanent employment at OCS, the board held that he was entitled to occupy a specific temporary attorney-advisor position. The agency states that this temporary position was among the "start-up temporary positions" filled by OCS pursuant to an October 9, 1981 modification of the district court's order in *National Council of CSA Locals, supra.* That court ordered that these temporary positions are "hereby deemed continuous service so that said employees do not incur a break in their federal service and attendant loss of benefits." Order of October 9, 1981, at 1. The district court also ordered that the temporary positions be filled "in accordance with said employees' retention standing on appropriate retention registers". *Id.*

The agency argues that, since the person who had erroneously been placed in the position worked from November 16, 1981, the position was not earlier available. There was no evidence to support the theory that the temporary positions had not been funded. It was undisputed that there was an appropriation of "close-out expenses of the Community Services Administration", Act of Oct. 1, 1981, Pub.L. No. 97–51, 95 Stat. 958, 967.

The agency also argues, without evidentiary support, that Mr. Gearan's status in this temporary position was "reemployment of a former employee separated by RIF". Mr. Gearan, having been found to be entitled to the temporary position, was covered by the district court's order that his service be "deemed continuous service so that said employees do not incur a break in their federal service and attendant loss of benefits." *Id.* Thus his service in the temporary position must be measured from October 1, 1981, to avoid a break in service. It is not material that Mr. Lott, who was not entitled to the position at all, was paid only from November 16, 1981.

The board's decision, denying back pay from October 1, is unsupported by substantial evidence, and is reversed. 5 U.S.C. § 7703(c)(3); *see also Hayes v. Department of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984).

### B

Mr. Gearan asks this court to order the board to hold a hearing to consider evidence of improper motive by DHHS in awarding the temporary attorney position to Mr. Lott. The asserted purpose of the hearing is in connection with an application for attorney fees that was, we are told, dismissed without prejudice as premature. It is equally premature for this court to act in advance of the board's resolution of disputed facts and its final decision on the merits.

REVERSED.

FRIEDMAN, Circuit Judge, dissenting.

I would affirm the Board's decision.

The question is whether the backpay to which the petitioner is entitled covers the period from October 1, 1981 to November 16, 1981. The Board found that the petitioner should have been appointed to the temporary position to which Mr. Lott received a one-year appointment effective November 16, 1981. If the petitioner rather than Mr. Lott had been appointed, as the Board held he should have been, the petitioner would have been paid only for the year in which he served in that position, which began on November 16, 1981, and he would not have been paid for the period October 1, 1981 to November 16, 1981.

The fact that the petitioner improperly was denied that position is no reason to pay him more than he would have received if he initially had been appointed to the position. "The injured party is to be placed, as near as may be, in the situation he would have occupied if the wrong had not been committed." *Kerr v. National Endowment for the Arts,* 726 F.2d 730, 733 n. 3 (Fed.Cir. 1984) (quoting *Wicker v. Hoppock,* 73 U.S. (6 Wall.) 94, 99, 18 L.Ed. 752 (1867)). He should not be placed in a better position.

The Board's decision constituted a reasonable exercise of its broad discretion to determine the appropriate remedy.