Eugene P. TURNER, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

Alonzo MICKENS and Michael A. Ashe, Petitioners,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

Appeal Nos. 86–967, 86–968.

United States Court of Appeals, Federal Circuit.

Nov. 24, 1986.

**242**

Phillip R. Kete, Washington, D.C., for petitioner.

David C. Kane, Merit Systems Protection Bd., Washington, D.C., for respondent; on the brief were Llewellyn M. Fischer, Acting Gen. Counsel, Mary L. Jennings, Assoc. Gen. Counsel for Litigation and Rita S. Arendal, Merit Systems Protection Bd., Washington, D.C.

Before FRIEDMAN and BALDWIN, Circuit Judges, and MILLER, Senior Circuit Judge.

FRIEDMAN, Circuit Judge.

The petitioners challenge decisions of the Merit Systems Protection Board (Board) that dismissed their appeals from a reduc-tion in force at the Community Services Administration as untimely filed. We af-firm.

## I

The petitioners Mickens and Ashe are former employees of the Community Ser-vices Administration who were removed from their positions by a reduction in force on September 30, 1981. The petitioner Turner is a former Community Services Administration employee who retired in lieu of being separated through the reduc-tion in force.

The reduction in force resulted from the abolition of the Community Services Ad-ministration and the transfer of some of its functions to a new agency within the De-partment of Health and Human Services, the Office of Community Services (new agency). The background facts relating to the abolition of the Community Services Administration and the subsequent reduc-tion in force are detailed in *Certain For-mer CSA Employees v. Department of Health and Human Services*, 762 F.2d 978 (Fed.Cir.1985) (*Former CSA Employees*), and need not be repeated here. Briefly, the facts relating to this appeal are as follows:

In notifying each of the petitioners that he would be separated effective September 30, 1981, the Community Services Adminis-tration included a notice that any appeal to the Board had to be filed within 20 days of the proposed separation. Although the pe-titioners did not file individual appeals within this 20-day period, six other employ-ees timely filed a petition to the Board pursuant to 5 C.F.R. § 1201.27. Those six employees requested the Board to hear their appeals as representatives of the class of former Community Services Ad-ministration employees who were separat-ed in the reduction in force. All three petitioners were members of the proposed class.

The Board denied class action certifica-tion on February 12, 1982, but granted limited consolidation for purposes of dis-

covery and adjudication of common issues of law and fact. The Board stated that an employee normally cannot rely on the filing of a class action as a reason for failing to file a timely individual appeal. Nonetheless, the Board recognized that in an earlier district court decision, *National Council of CSA Locals v. Schweiker*, 526 F.Supp. 861 (D.D.C.1981), the court had stated that any employee who was dissatisfied with the determination regarding functions transferred from the Community Services Administration would have a right to appeal to the Board, and that some employees might have delayed filing individual appeals in reliance on the district court decision. The Board therefore ordered the Department of Health and Human Services to notify all former Community Services Administration employees who had been separated by the reduction in force that individual appeals had to be made "to the appropriate regional offices of the Board no later than 20 days after the receipt of the HHS notification."

On March 5, 1982, the petitioners (and the other Community Services Administration employees who were separated in the reduction in force) were notified of their appeal rights to the Board. The notice stated:

I[f] you wanted to appeal but did not, [the Board] has now advised you that you must file an appeal with the Board no later than 20 days after you receive this notification.

Despite this notice, the petitioners did not file individual appeals within 20 days. More than three years later, on May 20, 1985, this court affirmed the Board's 1982 decision denying class certification. *Former CSA Employees*, 762 F.2d at 986.

More than two months thereafter, on July 26, 1985, petitioner Turner filed an individual appeal with the Board. Almost six months thereafter, on November 8, 1985, petitioners Mickens and Ashe filed individual appeals with the Board.

In response to the presiding official's order directing the petitioners to show cause why their appeals should not be dismissed as untimely, all three of the petitioners argued that the time limit for filing an individual appeal was tolled from the filing of the proposed class action until all possible appellate mechanisms for the review of a decision denying class certification had been exhausted, and that there had been no such exhaustion because one of the original proposed class representatives intended to seek Supreme Court review of this court's decision affirming the Board's denial of class certification. In addition, Turner asserted that he had not filed an earlier appeal because he reasoned that the Board was controlled by the same agency that had forced him to retire.

The presiding official in the Turner appeal held that Turner had not justified his failure to file an appeal for more than three years after he was given explicit notice, following the denial of class certification, that he had to file an appeal within 20 days. The presiding official stated:

I find that the appellant has shown circumstances that would reasonably excuse his untimely filing from September 30, 1981, when he involuntarily retired, until March of 1982, when he was informed of his appeal rights to the Board.... I find, however, that the appellant has not shown circumstances that would reasonably excuse his delay in filing an appeal from March of 1982 to July of 1985. The evidence ... shows that the appellant was provided actual notice of his right ... to appeal ... in March of 1982.

Because Turner failed "to exercise his appeal rights for more than three years after receiving actual notice of his right to appeal to the Board," the presiding official dismissed Turner's appeal as untimely filed. The presiding official also rejected as a justification for failing to file a timely appeal Turner's contention that the Board was controlled by the same administration as the agency that allegedly forced Turner to retire.

The presiding official in the Mickens and Ashe appeal likewise rejected the contention that the time limits had been tolled so

as to make those petitioners' appeals timely. The presiding official noted that the Board's class action regulations did not explicitly provide for tolling of the time limits for filing individual appeals. Moreover, like the presiding official in the Turner appeal, the presiding official in the Mickens and Ashe appeal concluded that although the time limit for filing an appeal could have been suspended prior to the denial of class certification, after class certification was denied the petitioners were given clear notice that individual appeals had to be filed within 20 days. Since the petitioners waited more than three years after this notification to file their appeals, the presiding official dismissed the appeals as untimely.

None of the petitioners sought review of the presiding officials' decisions by the full Board. Accordingly, the initial decisions became the final decisions of the Board pursuant to 5 C.F.R. § 1201.113.

## II

Under the Board's regulations, appeals must ordinarily be filed within 20 days of the contested agency action. 5 C.F.R. § 1201.22(b). Appeals filed thereafter will be dismissed as untimely, unless the Board waives the filing deadline for good cause shown. *See* 5 C.F.R. §§ 1201.22 and 1201.56(a)(2).

The petitioners contend that their time for appeal was tolled during the pendency before this court of *Former CSA Employees*, in which the Board's denial of class action certification was challenged and upheld. They contend that the time for appeal was further tolled until the time for seeking Supreme Court review of our decision expired. They point to a November 13, 1985 statement by one of the six former Community Services Administration employees who had timely appealed to the Board and whose individual appeal the Board had denied, that it was her "present intention to seek U.S. Supreme Court review of the Federal Circuit Court of Appeals' decision upholding the MSPB denial of my class action motion" although she

recognized that she was not "certain that [she] will in fact have the resources to pursue the case at [the] U.S. Supreme Court level."

On the basis of the foregoing arguments, the petitioners contend that their petitions were timely filed. Alternatively, they argue that if their appeals were untimely, the Board erred in refusing to waive the time limits.

A. 1. When the Board denied class action certification on February 12, 1982, it recognized that some former Community Services Administration employees may have delayed filing individual appeals in reliance on the district judge's statement in *National Council of CSA Locals v. Schweiker*, 526 F.Supp. 861 (D.D.C.1981), that any former Community Services employee who was dissatisfied with the determination regarding functions transferred from the Community Services Administration would have a right to appeal to the Board. The Board therefore directed that all former Community Services Administration employees should be informed of their right to appeal to the Board. Although the three petitioners received a March 5, 1982 notification that individual appeals to the Board had to be filed within 20 days, petitioner Turner did not file his individual appeal until July 26, 1985, and petitioners Mickens and Ashe did not file their individual appeals until November 8, 1985.

In 1982, the Board's regulations made no provision for tolling the time limits for appeal during the pendency before the Board of a request for class action certification. Because of the special circumstances in which many of the former Community Services Administration employees may have found themselves, however, the Board told those employees that it would treat as timely any appeal filed within 20 days of the receipt of the March 5, 1982 notification of the need to file an appeal. The notice was unambiguous and explicit. It informed the petitioners that, if they had not previously appealed, "you must file an appeal with the Board no later than 20 days after you receive this notification."

■ Despite this clear instruction, the three petitioners did not file their appeals until more than three years after receipt of the notice. We cannot say that the Board committed any error in holding that the appeals were untimely.

The only justification the petitioners offer for their delay was their asserted belief that the pendency of the appeal to this court from the Board's denial of class action certification tolled the time for appeal. Nothing in the March 5, 1982 notification, however, even suggested that the pendency of the appeal would excuse the petitioners from filing a notice of appeal within 20 days, as the notice unequivocally and explicitly informed them they "must" do.

■ The Board has broad discretion to determine its own procedures. See Horner v. Burns, 783 F.2d 196, 201 (Fed.Cir.1986); Phillips v. United States Postal Service, 695 F.2d 1389, 1390 (Fed.Cir.1982). The petitioners cite no authority that precluded the Board, in the circumstances of this case, from requiring the petitioners to file notices of appeal within 20 days after receipt of notification that the Board had denied class certification. Although the petitioners may believe that it would have been better Board practice to defer the filing of individual appeals until this court determined the class action certification issue, that was a decision for the Board and not for the petitioners to make.

The petitioners contend that American Pipe and Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) and Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) support their position. Those cases, however, actually support the Board's decision.

In those cases the Supreme Court held that the time for filing individual suits was tolled while the district court had under consideration a request for class action certification, so that an application for intervention (American Pipe) and the filing of a separate suit (Crown, Cork), both done within the remaining untolled period for appeal, were timely. Those cases did not address the question whether the time for seeking intervention or filing a separate suit would be tolled during an appeal of a denial of class action certification. American Pipe and Crown, Cork involved Rule 23 of the Federal Rules of Civil Procedure, which illuminates but does not control class action determinations by the Board. See Former CSA Employees, 762 F.2d at 985–86; cf. 5 C.F.R. § 1201.27(c). At most, those cases support the Board's decision to allow the parties 20 days from the receipt of the March 5, 1982 notice to file their appeals.

In any event, even assuming arguendo that the petitioners' time for appeal was tolled until this court in Former CSA Employees affirmed the Board's denial of class action certification, that would not aid the petitioners. They did not even file their appeals within 20 days of that decision, although the union had warned at least one of them to do so. Instead, Turner waited more than two months and Mickens and Ashe waited almost six months before filing their individual appeals.

The only excuse they offer for this delay is the contention that the time for appeal was tolled until the time for seeking Supreme Court review had expired. The likelihood of Supreme Court review and reversal of our decision is too remote and speculative to warrant the additional extension of any tolling period that the petitioners seek.

2. The petitioners argue that their appeals were timely because the Board recently has issued regulations that provide for the tolling of the time for appeal when requests for class action certification have been filed. See 51 Fed.Reg. 25,151 (1986) (to be codified in 5 C.F.R. Part 1201). That regulation, however, was not in effect when the Board denied class action certification in 1982 and informed the petitioners that they had 20 days within which to file individual appeals. We apply the law as it stood at that time, not the law in effect now. Miller v. United States Postal Service, 729 F.2d 1033, 1035–36 (5th Cir.1984) (timeliness of an appeal from Board deci-

sion is governed by the law applicable when adverse action was taken). *Cf. Thorpe v. Housing Authority of Durham,* 393 U.S. 268, 281–83, 89 S.Ct. 518, 525–26, 21 L.Ed.2d 474 (1969) (administrative agency must apply the law in effect at time it renders the decision); *McEachern v. Office of Personnel Management,* 776 F.2d 1539, 1544 (Fed.Cir.1985) (entitlement to disability retirement benefits governed by the law in effect at time employee resigned from her position).

Moreover, even under the tolling rules currently in effect, the petitioners' appeals would be untimely. The current regulations provide that the filing with the Board of a petition for class action tolls the time limits for members of the potential class to file their individual appeals. 51 Fed.Reg. 25,151 (1986) (to be codified at 5 C.F.R. Part 1201). If the Board denies the petition for class certification, however, members of the proposed class have 25 days from the denial in which to file individual appeals. *Id.* Thus, the new regulations make clear that "[e]ach individual [class member] has the responsibility to either file an individual appeal within the original time limit or to keep apprised of the status of a class action request and file an appeal within the additional 25–day period, if class action is denied." *Id.* Since the petitioners failed to file individual appeals within 25 days after the Board denied class action certification, their petitions were untimely even under the Board's new regulations.

3. The petitioners' final argument is based on the rule that an agency's determination may be upheld only on the basis the agency itself articulated. *See Securities and Exchange Commission v. Chenery Corp.,* 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947). The petitioners contend that the basis of the presiding officials' decisions was that the Board's regulations never permit tolling of the time limits for filing individual appeals pending the determination whether to grant class certification, and that we may affirm only if we accept that contention.

That was not the ground of the presiding officials' decisions. The decision in the *Turner* case was based on the fact that Turner's failure to file his appeal until more than three years after receiving the March 2, 1982 notification that appeals had to be filed within 20 days "demonstrate[d] a lack of due diligence in filing his untimely appeal." *Turner v. Department of Health and Human Services,* MSPB No. CH03518510552 (Nov. 20, 1985). Likewise, the decisions in the *Mickens* and *Ashe* cases were based on the fact that the petitioners waited some 41 months to file individual appeals after being "given clear notice that their motion for class certification had been denied." *Mickens v. Department of Health and Human Services,* MSPB Nos. DC03518610068 and DC03518610063 (Dec. 9, 1985).

B. As noted, the Board's regulations permit waiver of the 20–day period for appealing if the appellant shows good cause for the delay. Waiver of the time limit for appealing is committed to the Board's discretion and we will not substitute our judgment for that of the Board. *See Sheeran v. Merit Systems Protection Board,* 746 F.2d 806, 807–08 (Fed.Cir.1984) (affirming dismissal of petition where lawyer relied on request for extension of time for filing in lieu of meeting filing deadline); *Phillips v. United States Postal Service,* 695 F.2d 1389, 1390–91 (Fed.Cir.1982) (affirming dismissal of petition filed six days after 20–day deadline). In reviewing Board decisions declining to waive the 20–day limit for appealing, we determine only whether the Board's action was arbitrary, an abuse of discretion or otherwise not in accordance with the law. *See Moir v. Department of the Treasury,* 754 F.2d 341, 342–43 (Fed.Cir.1985); *Hopkins v. Merit Systems Protection Board,* 725 F.2d 1368, 1371 (Fed.Cir.1984); *Phillips,* 695 F.2d at 1390–91.

In the present case, the ground upon which the petitioners sought a waiver of the 20–day time for appealing was that they believed the time for appeal was tolled until all judicial proceedings to review the

Board's denial of class action certification had been completed. The reasons set forth in part II A that led us to conclude that the appeals were untimely also justify the Board's refusal to waive those time limits. We cannot say that the Board abused its discretion in concluding that the petitioners had not shown good cause for waiving the time limits for appeal.

## CONCLUSION

The decisions of the Board dismissing the petitioners' appeals as untimely are affirmed.

AFFIRMED.