979 F.2d 217
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Vera B. MOORE, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 92-3298.
 United States Court of Appeals, Federal Circuit.
 Sept. 24, 1992.
 
 Before ARCHER, LOURIE and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Vera B. Moore (Moore) petitions for review of the October 30, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. DE0752890240B-1, dismissing Moore's appeal because it was untimely filed. This decision became the final decision of the Merit Systems Protection Board (board) when it denied review on February 10, 1992. See 5 C.F.R. § 1201.115 (1992). We affirm.
 
 DISCUSSION
 
 2
 On March 7, 1986, the Department of Health and Human Services (HHS) informed Moore that she was being removed based on alleged falsification of her SF-171 Personnel Qualifications Statement, the removal to be effective on March 14, 1986. The decision informed Moore that any appeal to the board had to be filed within 20 days after the effective date of the action. On March 14, 1986, Moore retired from her position as an accountant with HHS. More than three years later, on April 11, 1989, Moore filed an appeal with the board.
 
 
 3
 On June 16, 1989, the AJ dismissed Moore's appeal on the grounds that Moore's retirement action was not within the jurisdiction of the board and that Moore's appeal was untimely filed. On August 30, 1991, the board reopened the appeal on its own motion, vacated the initial decision and remanded to the AJ, noting that the AJ's show cause orders and initial decision were sent to an incorrect address and that Moore did not have an opportunity to respond to the AJ's orders. On October 30, 1991, after allowing Moore the opportunity to develop the record on the issues of timeliness and jurisdiction, the AJ made no finding as to jurisdiction but noted that even if Moore's retirement was within the jurisdiction of the board, she "failed to show that her appeal was timely filed or that good cause exist[ed] for waiving the time limits." Accordingly, the AJ dismissed the appeal. The board denied review on February 10, 1992, and Moore petitioned this court for review.
 
 
 4
 The board has broad discretion to decide whether to waive the time for appeal, and this court will not substitute its own judgment for that of the board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc ); Turner v. Merit Sys. Protection Bd., 806 F.2d 241, 246 (Fed.Cir.1986). We review the board's decision under the statutory standard that requires affirmance of the decision unless it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 5
 The board gave Moore a sufficient opportunity to show good cause for untimely filing. See 5 C.F.R. § 1201.22(c). Moore responded that the board's case was a "continuation" of her appeal to the Federal Labor Relations Authority (FLRA) and a complaint filed with the Office of Special Counsel (OSC). Moore produced no evidence concerning the FLRA case and provided no authority for the proposition that an appeal may be filed from the FLRA to the board. The AJ noted that, even if relevant, OSC's decision letter dated October 28, 1986 was issued nearly three years before the board appeal was filed.
 
 
 6
 In her informal brief, Moore argues that various technicalities entitle her to reinstatement and/or damages. We note that one "technicality," involving the mailing of the AJ's orders and initial decision, was corrected by the board. We find Moore's arguments concerning other technicalities to be without merit. Under these circumstances we affirm the board's decision because it was not arbitrary, an abuse of discretion, procedurally defective or unsupported by substantial evidence.