980 F.2d 744
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mary F. REECE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3350.
 United States Court of Appeals, Federal Circuit.
 Oct. 15, 1992.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Mary F. Reece petitions for review of the November 15, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. DC0432920029-I-1, dismissing Reece's appeal because it was untimely filed. The AJ's decision became the final decision of the Merit Systems Protection Board (Board) when the Board denied review on March 2, 1992. We affirm.
 
 DISCUSSION
 
 2
 In an August 29, 1991 decision letter, the Agency for International Development (AID) informed Reece that she would be reduced in grade effective September 8, 1991. The letter informed Reece that any appeal to the Board should be filed within 20 days of the effective date of the action. Reece's appeal would have been due, therefore, on September 28, 1991. Because September 28 was a Saturday, however, Reece's appeal was due on the next workday, September 30, 1991. 5 C.F.R. § 1201.23 (1992). Reece appealed on October 8, 1991--30 days after the effective date of the reduction in grade.
 
 
 3
 The AJ issued an acknowledgement order noting that Reece's appeal appeared untimely and ordering her to submit evidence and argument showing that her appeal was timely filed or that good cause existed for the delay. In response to the order Reece argued that (1) AID's letter only stated that an appeal "should" be filed within 20 days, (2) the letter did not inform her whether calendar or working days were counted, and (3) she had not received the form verifying that she had been demoted. The AJ found these arguments insufficient and dismissed Reece's appeal. The AJ stated, inter alia, that Reece could have sought assistance from AID or the Board if she were confused as to the date her appeal should have been filed. The AJ also noted that the appellant's failure to receive the form verifying her demotion was not material to filing a timely appeal.
 
 
 4
 In her petition for review to the Board, Reece additionally argued that it was difficult for her to gather the necessary information to file an appeal in a timely manner and that she was "anxious about appealing since I thought such an action could jeopardize my continued employment with the Government." The Board denied review on March 2, 1992, and Reece petitioned this court for review.
 
 
 5
 The Board has broad discretion to decide whether to waive the time for appeal, and this court will not substitute its own judgment for that of the Board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc); Turner v. Merit Sys. Protection Bd., 806 F.2d 241, 246 (Fed.Cir.1986). We review the Board's waiver decision under a narrow standard, affirming the decision unless it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 6
 In her informal brief here, Reece argues that her untimely appeal was "due to intensive pressure and coercive threats from my employer concerning my right to appeal, and a failure of the employer to provide timely notice of its actions. Because my employer provided late notice of its action, and threatened me concerning my appeal rights, by saying, 'You would be in more trouble than you could handle if you tried to appeal this.' I was restrained from due process in filing a timely appeal and denied equal protection of the law." This argument concerning alleged coercion was not made before the Board and therefore cannot be raised on appeal. Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1101 (Fed.Cir.1985).
 
 
 7
 Reece also argues, as she did below, that she appealed late because her employer failed to provide "timely notice of its action." In response to this argument, the Board concluded that "appellant's failure to receive an SF 50 is not material to the filing of a timely appeal." Appellant has not shown this conclusion to be in error. Moreover, AID's letter was provided in a timely manner and it clearly informed Reece of the effective date of her demotion and the time limit for filing an appeal.
 
 
 8
 We cannot say, and appellant has not shown, that under these circumstances, the Board abused its discretion by refusing to waive the time limit in this appeal. While the appeal was filed only a little over a week late, AID's letter clearly informed petitioner of the time for filing an appeal. That letter was dated August 29, 1991, and the appeal was not due until September 30, 1991. As such, petitioner had nearly a full month within which to file her appeal, assuming she received the letter a few days after it was mailed. Accordingly, the Board's decision is affirmed.