980 F.2d 742
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leonardo L. DE LA VIDA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3370.
 United States Court of Appeals, Federal Circuit.
 Oct. 9, 1992.
Rehearing Denied Dec. 9, 1992.
 
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Leonardo L. Dela Vida petitions for review of the October 22, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. SE0831910488I-1, dismissing Dela Vida's appeal because it was untimely filed. The AJ's decision became the final decision of the Merit Systems Protection Board (Board) when the Board denied review on March 5, 1992. We affirm.
 
 DISCUSSION
 
 2
 On May 3, 1990, the Office of Personnel Management (OPM) denied reconsideration of its earlier decision rejecting Dela Vida's claim for civil service retirement annuity benefits. In its reconsideration decision, OPM informed Dela Vida that he had 25 days in which to appeal to the Board. Dela Vida appealed to the Board in a letter postmarked June 20, 1991--more than one year after OPM's reconsideration decision.
 
 
 3
 On July 29, 1991, the AJ issued an acknowledgment order noting that petitioner's appeal appeared untimely and ordering petitioner to provide evidence and argument that his appeal was timely filed or that there was good cause for the delay. On August 23, 1991, OPM moved to dismiss the appeal because it was untimely. Because Dela Vida failed to submit evidence or argument concerning the timeliness of his appeal in response to either the AJ's acknowledgment order or OPM's motion, the AJ dismissed the appeal as untimely. The Board denied review on March 5, 1992, and Dela Vida petitions this court for review.
 
 
 4
 The Board has broad discretion to decide whether to waive the time for appeal, and this court will not substitute its own judgment for that of the Board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc); Turner v. Merit Sys. Protection Bd., 806 F.2d 241, 246 (Fed.Cir.1986). We review the Board's waiver decision under a narrow standard, affirming the decision unless it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 5
 Dela Vida's appeal from OPM's reconsideration decision was due within 25 days after the date the decision issued. 5 C.F.R. § 1201.22(b) (1992) ("An appeal from a final or reconsideration decision that does not set an effective date must be filed within 25 days of the date of the issuance of the decision."). Dela Vida filed his appeal more than a year after it was due. Before the Board, Dela Vida offered no reasons for his untimely appeal. Dela Vida offers no arguments in support of his petition to this court. Under these circumstances, we cannot say that the Board's refusal to waive the time limit was arbitrary, an abuse of discretion, or otherwise not in accordance with the law. No argument was made that the Board's decision was procedurally defective. Accordingly, the Board's decision is affirmed.