**Steven R. BAUGH, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3297.

United States Court of Appeals, Federal Circuit.

April 5, 2002.

Before LOURIE, BRYSON, and DYK, Circuit Judges.

DECISION

PER CURIAM.

Petitioner Steven R. Baugh seeks review of the May 7, 2001, decision of the Merit Systems Protection Board, No. CH–844E–01–0197–I–1, which dismissed as untimely his appeal of a decision of the Office of Personnel Management (OPM) rejecting his claim for disability benefits. We *affirm.*

BACKGROUND

OPM issued a reconsideration decision on November 8, 2000, denying Mr. Baugh's claim for disability retirement under the

Federal Employees' Retirement System. The decision stated: "An appeal must be filed within 30 calendar days after the date of this decision, or 30 days after receipt of this decision, whichever is later." Although the exact date that Mr. Baugh received the decision is unclear, Mr. Baugh does not contend that he failed to receive the decision in a timely fashion. Accordingly, the deadline for Mr. Baugh to file his appeal to the Board was on or about December 8, 2000.

On December 5, 2000, Mr. Baugh retained the services of an attorney, Michael K. Bonnell, to pursue his appeal. At that time, Mr. Baugh provided Mr. Bonnell with a copy of the November 8, 2000, reconsideration decision. According to Mr. Bonnell, Mr. Baugh made "some reference to asking for an[d] receiving an extension of time." Mr. Bonnell assumed that Mr. Baugh had been granted a 30-day extension for filing his appeal. Operating under that assumption, Mr. Bonnell delayed filing Mr. Baugh's appeal with the Board until January 8, 2001.

On January 17, 2001, the administrative judge who was assigned to the case ordered Mr. Baugh to prove that his appeal was timely filed or that there was good cause for the delay. At that time, Mr. Bonnell learned that Mr. Baugh had not been granted an extension of time to file his appeal. Instead, the "extension of time" that Mr. Baugh had mentioned to Mr. Bonnell during the December 5, 2000, meeting was a prior, 60-day extension of time that OPM had given Mr. Baugh on reconsideration so that Mr. Baugh could provide additional medical information supporting his claim for disability benefits. Accordingly, Mr. Baugh's appeal was untimely.

Mr. Baugh argued that the Board should find good cause to waive the filing deadline because of the miscommunication between Mr. Baugh and Mr. Bonnell. In a decision dated February 14, 2001, the administrative judge found that because Mr. Baugh had received the OPM reconsideration decision clearly stating the deadline for the appeal, he had not shown good cause for the delay. Stating further that Mr. Baugh was bound by the errors of Mr. Bonnell, the administrative judge dismissed the appeal as untimely. The full Board denied Mr. Baugh's petition for review, and this appeal followed.

## DISCUSSION

The Board may waive its deadline for filing an appeal upon a showing of good cause. 5 C.F.R. § 1201.12; *Turner v. Merit Sys. Prot. Bd.*, 806 F.2d 241, 246 (Fed.Cir.1986). The petitioner bears the burden of demonstrating excusable delay. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc). Waiver of the regulatory time limit for filing an appeal is a matter committed to the discretion of the Board. *Id.*

Mr. Baugh argues that he had a reasonable excuse for the delay--a misunderstanding that caused Mr. Bonnell to believe that the deadline for filing the appeal was January 8, 2001. Accordingly, Mr. Baugh contends that he should be entitled to a waiver of the Board's filing deadline.

We uphold the Board's conclusion that Mr. Baugh failed to satisfy his burden of demonstrating good cause to justify a waiver of the filing deadline. The reconsideration decision from OPM clearly stated that there was a 30-day deadline for filing an appeal to the Board. Mr. Baugh does not contend that he did not receive that notice, or that he was confused or uncertain regarding the deadline. Furthermore, Mr. Baugh knew that he had not received an extension of time to file his

appeal. Accordingly, Mr. Baugh did not act with due diligence or ordinary prudence in pursuing his right of review by the Board.

Mr. Baugh cannot rely on the purported miscommunication with Mr. Bonnell to justify the failure to meet the filing deadline. For purposes of Merit Systems Protection Board proceedings, an individual is responsible for the errors of his chosen representative. *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437 (Fed.Cir.1986). On a matter as basic as the timing of the filing of an appeal, it was Mr. Bonnell's obligation to be sure that he understood what extension of time Mr. Baugh was referring to. Mr. Baugh did not have any correspondence from the Board granting an extension for filing the appeal, and in fact Mr. Baugh does not argue that he told Mr. Bonnell that he had an extension of time to file his appeal. He merely argues that there was a reference to an extension of time in the course of their conversation that resulted in a misunderstanding on Mr. Bonnell's part.

The refusal to grant a waiver of the regulatory timeliness requirement in this case is admittedly harsh. However, the Board created the right to a waiver of the timeliness requirement upon a showing of good cause by promulgating its waiver regulation, and the Board therefore has the principal responsibility for determining what constitutes good cause within the meaning of the regulation. *See Krizman v. Merit Sys. Prot. Bd.*, 77 F.3d 434, 439 (Fed.Cir.1996). While we might have reached a different conclusion if our task had been to decide whether there was good cause for the untimely filing, that is not the role we are charged with playing. *See Mendoza,* 966 F.2d at 653. Instead, we review the Board's application of its own regulations for an abuse of discretion, and under that standard we cannot find that the Board's application of its good cause provision in this case was so arbitrary or unreasonable as to constitute an abuse of discretion.