Alvaro A. CRESPO–MEDINA,
Petitioner,

v.

**MERIT SYSTEMS PROTECTION
BOARD, Respondent.**

No. 02–3048.

United States Court of Appeals,
Federal Circuit.

May 15, 2002.

Before GAJARSA, LINN, and DYK, Circuit Judges.

PER CURIAM.

Mr. Alvaro A. Crespo–Medina ("Mr.Crespo–Medina") petitions for review of the final decision of the Merit Systems Protection Board (the "Board") dismissing his appeal to the Board as untimely filed. *Crespo–Medina v. Dep't of the Navy*, No. PH–0752–00–0294–I–2 (M.S.P.R. Sept. 14, 2001). Because the Board did not abuse its discretion in dismissing Mr. Crespo–Medina's appeal as filed late without good cause being shown, we *affirm*.

I

Mr. Crespo–Medina held a position with the Navy as an Electronics Engineer, GS–12, until his termination on May 19, 2000. On May 19, 2000, Mr. Crespo–Medina, through his counsel, Mr. J. Michael Farrell ("Mr.Farrell"), filed an appeal with the Board challenging the agency's removal action. On August 29, 2000, the administrative judge dismissed the appeal without prejudice but stated that "the appellant must refile his appeal by *October 30, 2000,* or the appeal will be dismissed." (boldface and underlining in original). The decision was served on Mr. Crespo–Medina in care of his counsel, Mr. Farrell, and on Mr. Farrell.

On November 22, 2000, Mr. Crespo–Medina, through his counsel, Mr. Farrell, refiled his appeal. On December 5, 2000, the administrative judge issued an order acknowledging that Mr. Crespo–Medina's refiled appeal was postmarked November 22, 2000, and ordering Mr. Crespo–Medina to show good cause for waiving the October 30, 2000, time limit for refiling his appeal.

In response to the administrative judge's order, Mr. Crespo–Medina's counsel filed a statement to show good cause for the delay in refiling the appeal. The filing urged that Mr. Crespo–Medina had been reasonably prudent in filing his appeal; that the delay was only 23 days; that Mr. Crespo–Medina's counsel had been away from his office for three weeks in September and that immediately after his return he was involved in a criminal trial; and that "[t]hese matters occupied virtually all of the appellant's counsel's time from mid September through the end of October." The filing admitted, however, that Mr. Crespo–Medina "was aware of the deadline," and that he made "no claim that the delay was unavoidable." Rather, Mr. Crespo–Medina, again through his counsel, argued that the delay was excusable because the August 29, 2000, dismissal without prejudice was allegedly made so that he could refile his appeal (if necessary) after the Department of Labor had entered a decision on a related worker's compensation claim he had brought. The filing explained that "[w]hile the appellant [Mr. Crespo–Medina] could have filed an appeal prior to the 30th of October [2000,] no appeal was filed as the appellant continued to hope for a resolution of his worker's compensation claim."

On March 28, 2001, the administrative judge, in an initial decision, dismissed Mr. Crespo–Medina's refiled appeal as untimely. The administrative judge found that the Board's August 29, 2000, initial decision specifically instructed Mr. Crespo–Medina about the time limits and procedures for refiling his appeal with the Board, but that he had failed to follow these instructions and refiled his appeal 23 days late. The administrative judge found that Mr. Crespo–Medina's explanation that he was waiting for a decision from the Department of Labor on his worker's compensation claim did not excuse the delay because the Board's initial decision clearly

stated that he was required to refile his appeal by October 30, 2000, not within a certain number of days of the Department of Labor's decision. The administrative judge also found that the busy schedule of Mr. Crespo–Medina's counsel did not excuse the delay because, at no time did Mr. Crespo–Medina or Mr. Farrell request an extension of time to refile, and that in any event all that was required to refile the appeal was the submission of a one-line statement to the Board indicating such a desire. Finally, the administrative judge found that Mr. Crespo–Medina did not act as a reasonable and prudent person would have acted under the circumstances; that Mr. Crespo–Medina had not established that he acted with due diligence; and that he had not presented any credible evidence of circumstances beyond his control. The administrative judge concluded that Mr. Crespo–Medina had not established a case of excusable neglect.

The Board adopted the administrative judge's initial opinion as its final decision on September 14, 2001. Mr. Crespo–Medina timely appealed to this court, filing his appeal *pro sè*, without the assistance of his former counsel, Mr. Farrell.

## II

The petitioner bears the burden of proof with respect to timeliness. *See Alonzo v. Dep't of the Air Force*, 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980). The Board may waive the thirty-day time limit on filing appeals for good cause shown. *See* 5 C.F.R. § 1201.22 (2000). In *Alonzo* the Board set forth the criteria for determining whether good cause had been shown. The criteria should include, but are not limited to:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

4 MSPB 262, 4 M.S.P.R. at 184.

To establish good cause, the petitioner must also show that he exercised diligence or ordinary prudence under the particular circumstances of the case. *See Knox v. Dep't of the Navy*, 66 M.S.P.R. 669, 670 (1995) (citing *Alonzo*, 4 MSPB 262, 4 M.S.P.R. at 184). Although the petitioner need not show that it was impossible to make a timely filing, he must show that his behavior was reasonably prudent. *See Armstrong v. Office of Pers. Mgmt.*, 36 M.S.P.R. 37, 40 (1987).

Whether the regulatory time limit for filing an appeal should be waived, based upon a showing of good cause, is a question committed to the Board's discretion, and this court will not substitute its own judgment for that of the Board. *See Turner v. Merit Sys. Prot. Bd.*, 806 F.2d 241, 246 (Fed.Cir.1986); *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437 (Fed.Cir.1986). "On appeal, we will disturb the grant or denial of such a waiver only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 652 (Fed.Cir.1992) (en banc) (citing 5 U.S.C. § 7703(c) (1988)).

Here, the administrative judge considered all pertinent *Alonzo* factors, including the length of the delay, whether Mr. Crespo–Medina was aware or should have been aware of the time limit, whether circumstances beyond Mr. Crespo–Medina's con-

trol existed, whether Mr. Crespo–Medina was negligent, and whether circumstances showed that any neglect was excusable, before concluding that Mr. Crespo–Medina had not shown good cause to waive the time limit in his appeal. Mr. Crespo–Medina does not challenge these findings on appeal. Rather, contrary to his counsel's earlier filing, Mr. Crespo–Medina argues that his former counsel, Mr. Farrell, never forwarded the August 29, 2000, initial decision to him and he was personally unaware of the October 30, 2000, deadline for refiling his appeal until December 2000. Accordingly, he urges that his delay in refiling the appeal should be excused.

However, this court has held that,

[i]t is well settled that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions. Therefore, [a petitioner] cannot escape the consequences of the lateness of his appeal that was filed by his ... attorney after the deadline, even though [the petitioner] himself acted in good faith in relying on the advice and actions of his attorney.... [A petitioner] ha[s] a personal duty to monitor the progress of his appeal at all times and not leave it entirely to his attorney.

*Rowe,* 802 F.2d at 437 (1986) (citations omitted). And the Supreme Court has held,

There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by

the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (quoting *Smith v. Ayer,* 101 U.S. 320, 326, 25 L.Ed. 955 (1879)). Thus, any failure of Mr. Crespo–Medina's counsel to notify Mr. Crespo–Medina of the October 30, 2000, deadline for refiling the appeal does not excuse delay in refiling.

On appeal, particularly in his reply brief, Mr. Crespo–Medina argues for the first time that Mr. Farrell engaged in a "campaign of deception [that] prevented [Mr. Crespo–Medina] from knowing that he was committing gross negligence in the pursuit of [Mr. Crespo–Medina's] case thereby rendering all of [Mr. Crespo–Medina's] efforts futile." Reply Brief at 2. Mr. Crespo–Medina urges that he should not be penalized for Mr. Farrell's negligence and deception, relying on Board cases such as *Sullivan v. Office of Personnel Management,* 88 M.S.P.R. 499 (2001), and *Dunbar v. Department of the Navy,* 43 M.S.P.R. 640, 643–45 (1990). However, Mr. Crespo–Medina admits that these contentions were not raised before the Board. We decline to consider them for the first time on appeal. *See Forshey v. Principi,* 284 F.3d 1335, 1358 (Fed.Cir.2002) (holding that this court generally will not decide issues not raised below).

Because we conclude that the Board did not abuse its discretion in dismissing Mr. Crespo–Medina's appeal as filed late without good cause being shown, we affirm.

### COSTS

No Costs.