NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ROBERT FERGUSON, JR.,**
*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent*

_____

2019-1403

_____

Petition for review of the Merit Systems Protection Board in No. CH-0752-18-0164-I-1.

_____

Decided: November 7, 2019

_____

ROBERT FERGUSON, JR., Jefferson City, MO, pro se.

KELLY A. KRYSTYNIAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.

_____

Before REYNA, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Pro se appellant Robert Ferguson, Jr. appeals the Merit Systems Protection Board's final decision affirming his removal from the United States Postal Service based on a charge of inappropriate conduct.  Because we find substantial evidence supports the Board's final decision, *we affirm*.

BACKGROUND

Mr. Ferguson was employed by the United States Postal Service ("USPS" or the "agency") as the Postmaster of the Sedalia, Missouri, Post Office. As Postmaster, Mr. Ferguson was the highest-ranking management official in the office and was required to uphold the policies and regulations of the USPS. From August 2015 to August 2016, Mr. Ferguson supervised Taleah Passmore, an employee at the Sedalia, Missouri, Post Office. Shortly thereafter, Ms. Passmore was terminated for unsatisfactory performance.

Following her termination, Ms. Passmore made allegations to USPS officials that Mr. Ferguson made inappropriate comments and gestures to her during her time at USPS. After investigating Ms. Passmore's allegations, USPS identified eight incidents, also referred to as "specifications," of misconduct by Mr. Ferguson. The specifications included inappropriate touching and comments about Ms. Passmore's physical appearance and her family. As a result, USPS terminated him. Mr. Ferguson appealed USPS's termination decision to the Merit Systems Protection Board ("MSPB" or the "Board"). On appeal, Ms. Passmore and Mr. Ferguson provided conflicting testimony regarding the eight alleged specifications.  Mr. Ferguson generally denied that he made inappropriate comments and gestures. The administrative judge found Ms. Passmore to be the more credible witness and affirmed the agency's charge of inappropriate conduct. The administrative judge further found that Mr. Ferguson's misconduct was connected to the efficiency of his service, that the penalty of removal was reasonable, and that Mr. Ferguson did

not sufficiently prove his affirmative defenses of retaliation and harmful procedural error. The administrative judge also rejected Mr. Ferguson's claim that USPS gave him a disparate penalty in comparison to McClain Richardson, another USPS employee who was charged with misconduct and demoted, but not removed. The administrative judge's decision became the final decision of the Board. Mr. Ferguson timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of MSPB decisions is statutorily limited. *See* 5 U.S.C. § 7703(c). We must set aside a Board decision when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984). "Underlying factual determinations are reviewed for substantial evidence." *McMillan v. Dep't of Justice*, 812 F.3d 1364, 1371 (Fed. Cir. 2016). Mr. Ferguson raises on appeal four challenges to the Board's final decision.

## A.

Mr. Ferguson first challenges the administrative judge's determination that Ms. Passmore was more credible than Mr. Ferguson. According to Mr. Ferguson, the administrative judge did not sufficiently address (1) "the issues relating to Ms. Passmore's potential bias" against USPS for being terminated, (2) that "no other witnesses support [Ms. Passmore's] claims," and (3) that "[Ms. Passmore's] version of events" was inherently improbable. Appellant's Br. 3.

The record, however, contradicts Mr. Ferguson's arguments. The record shows that the administrative judge addressed each of these issues but nonetheless decided that Ms. Passmore was a more credible witness. First, the

administrative judge determined that because Mr. Ferguson was not involved in Ms. Passmore's termination, Ms. Passmore was not biased nor motivated by her termination to report Mr. Ferguson's misconduct. Second, although there were no other witnesses to support Ms. Passmore's version of events, the administrative judge explained that Ms. Passmore never alleged that witnesses observed Mr. Ferguson's inappropriate conduct, and, thus, this concern was a non-issue. Lastly, the administrative judge addressed whether Ms. Passmore's allegations were improbable because, as Mr. Ferguson claims, "these events allegedly went on for months with her saying nothing to anyone." *Id.* First, the administrative judge credited the agency's evidence that victims are generally disincentivized to report harassment. Second, the administrative judge credited Ms. Passmore's testimony that she was afraid of Mr. Ferguson and afraid of losing her job. Based on this evidence, the administrative judge found that the lapse in time alone did not suggest that Ms. Passmore fabricated the alleged misconduct.

Having found that the administrative judge addressed these issues, we reject Mr. Ferguson's argument. To the extent that Mr. Ferguson disagrees with the administrative judge's credibility determination and would have us conclude otherwise, we reject this invitation. We do not reweigh evidence on appeal. *Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1368 (Fed. Cir. 2016) (stating that credibility determinations are "virtually unreviewable" (quoting *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986))); *Pope v. U.S. Postal Serv.*, 114 F.3d 1141, 1149 (Fed. Cir. 1997) (noting that credibility determinations are not disturbed unless "inherently improbable or discredited by undisputed fact").

B.

Mr. Ferguson next challenges the administrative judge's determination that removal was a proper penalty because the administrative judge did not consider "every one of the Douglas factor[s]." Appellant's Br. 4. Mr. Ferguson's position, however, is contrary to law. An agency considers the twelve "*Douglas*" factors when determining the appropriateness of a penalty for an employee. *Douglas v. Veterans Admin.*, 5 M.S.P.B. 313, 333 (1981). The agency is not required to "mechanistically" consider all twelve factors "by any preordained formula." *Id.* Instead, the agency should conduct a "responsible balancing of the relevant factors in the individual case." *Id.* Additionally, "[i]t is not reversible error if the Board fails expressly to discuss all of the *Douglas* factors." *Kumferman v. Dep't of Navy*, 785 F.2d 286, 291 (Fed. Cir. 1986) (quoting *Nagel v. Dep't of Health & Human Servs.*, 707 F.2d 1384, 1386 (Fed. Cir. 1983)). "The Board need only determine that the agency considered the factors significant to the particular case." *Id.* (quoting *Hayes,* 727 F.2d at 1540). Thus, contrary to Mr. Ferguson's position, the administrative judge did not legally err by not analyzing all twelve *Douglas* factors.

Mr. Ferguson then argues that the administrative judge erred when she failed to consider the *Douglas* factor of "past disciplinary record," noting that he has "no pas[t] or current discipline" and "32 plus years of service." Appellant's Br. 4. The record indicates, however, that the administrative judge considered Mr. Ferguson's past disciplinary record. In its December 4, 2017, termination letter to Mr. Ferguson, USPS stated that it considered Mr. Ferguson's past disciplinary record, which contained "no live discipline." Appellant's Mem. 85. USPS explained that "[w]hile these are mitigating factors in your favor, they carry little weight in light of the severity of your misconduct and your continued failure to accept responsibility for such misconduct." *Id.* USPS concluded that Mr. Ferguson's "misconduct was serious enough to warrant the

penalty of removal." *Id.* On appeal, the administrative judge determined that USPS weighed the relevant *Douglas* factors, including Mr. Ferguson's past disciplinary record, and that USPS's decision to remove Mr. Ferguson "did not exceed the tolerable limits of reasonableness." J.A. 34. To the extent that Mr. Ferguson would have had the administrative judge afford more weight to his past disciplinary record, it is not the administrative judge's role to reweigh the *Douglas* factors. The administrative judge "assure[s] that the agency did conscientiously consider the relevant [*Douglas*] factors and did strike a responsible balance within the tolerable limits of reasonableness," and does not "insist that the balance be struck precisely where the Board would choose to strike it." *Norris v. S.E.C.*, 675 F.3d 1349, 1356 (Fed. Cir. 2012) (quoting *Douglas*, 5 M.S.P.B. at 332–33). Thus, because the administrative judge appropriately reviewed USPS's weighing of the *Douglas* factors, which included Mr. Ferguson's past disciplinary record, we reject Mr. Ferguson's argument.

## C.

Mr. Ferguson then challenges the administrative judge's determination that a settlement agreement did not support Mr. Ferguson's disparate penalty claim. Before the Board, Mr. Ferguson alleged that USPS had treated him disparately in comparison to Mr. Richardson, a fellow USPS employee who was charged with similar misconduct and demoted, but not removed. As evidence, Mr. Ferguson relied on a settlement agreement between Mr. Richardson and USPS in which Mr. Richardson's penalty for misconduct was a demotion. The administrative judge determined that the settlement agreement was not admissible and explained that "disparate treatment claims cannot lie based on action that was settled, because to require such an explanation from the agency would have a chilling effect on settlement agreements." J.A. 37. This is not legal error. A settlement agreement between an employee and an

agency does not constitute evidence of disparate treatment because "[t]he decision whether to settle a particular case and upon what terms is a matter particularly within the discretion of the agency conducting the litigation." *Bergh v. Dep't of Transp.*, 794 F.2d 1575, 1577–78 (Fed. Cir. 1986) (rejecting appellants' disparate treatment claim regarding the agency's settlement with employees on a lesser penalty). Thus, the administrative judge did not legally err when excluding the settlement agreement from evidence.

## D.

Mr. Ferguson also argues that the administrative judge committed several procedural errors. An administrative judge is given broad discretion in procedural matters concerning discovery and evidentiary issues. *Curtin v. Office of Personnel Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988); *Turner v. Merit Sys. Prot. Bd.*, 806 F.2d 241, 245 (Fed. Cir. 1986). "This court will not overturn the board on such matters unless an abuse of discretion is clear and is harmful." *Baker v. Dep't of Health & Human Servs.*, 912 F.2d 1448, 1457 (Fed. Cir. 1990) (quoting *Curtin*, 846 F.2d at 1378). In order to be successful on a claim of procedural error, the appellant has the burden to "prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of this case." *Id.* (quoting *Curtin*, 846 F.2d at 1379).

Mr. Ferguson first challenges the administrative judge's decision to require Mr. Ferguson to appear over video-conference for the merits hearing of Mr. Ferguson's MSPB appeal while allowing Ms. Passmore to appear in person. Mr. Ferguson, however, has failed to explain how his appearance via video-conference affected the outcome of the case, and, thus, has not shown that the administrative judge abused her discretion regarding this procedural decision. *See id.*

Mr. Ferguson also challenges the administrative judge's decision to deny his request to add Cynthia Bolles, Mr. Ferguson's former manager, to the witness list. "A determination to allow or exclude witness testimony is within the sound discretion of the administrative judge." *Guise v. Dep't of Justice*, 330 F.3d 1376, 1379 (Fed. Cir. 2003) (citing *Tiffany v. Dep't of Navy*, 795 F.2d 67, 70 (Fed. Cir. 1986)). The record indicates that Mr. Ferguson missed the May 2, 2018, prehearing submission deadline to list Ms. Bolles as a witness. Despite this, the administrative judge gave Mr. Ferguson an opportunity to add Ms. Bolles subject to a showing of good cause for why Ms. Bolles was not listed in the original prehearing submission. Mr. Ferguson then submitted a filing which summarily explained that Ms. Bolles would testify that she overheard Ms. Passmore ask Mr. Ferguson to share his food with her at work. At the merits hearing, the administrative judge denied Mr. Ferguson's request for failure to show good cause and failure to explain the relevancy of Ms. Bolles' testimony. The administrative judge also noted that Mr. Ferguson would not be prejudiced by not allowing Ms. Bolles to testify because Mr. Ferguson had not made any arrangements to contact Ms. Bolles, who no longer worked at USPS. Based on this record, there is no evidence that the administrative judge abused her discretion.

Furthermore, Mr. Ferguson has failed to explain how Ms. Bolles' testimony would have affected the outcome of his case before the MSPB, and instead summarily states in his brief that "this witness was critical to my defense being she was my direct supervisor." Appellant's Br. 4. The fact that Ms. Bolles was Mr. Ferguson's supervisor does not sufficiently explain the relevance and materiality of Ms. Bolles' excluded testimony. For these reasons, the administrative judge did not abuse her discretion when she excluded Ms. Bolles from the witness list.

CONCLUSION

We have considered Mr. Ferguson's remaining arguments, but we find them to be unpersuasive. Accordingly, the final decision of the Board affirming USPS's removal decision is *affirmed*.

**AFFIRMED**

COSTS

No Costs.