**Keith R. CRAIG, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3131.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 8, 2002.

Before MICHEL, CLEVENGER, and BRYSON, Circuit Judges.

PER CURIAM.

Keith R. Craig seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal as untimely filed. *Craig v. United States Postal Serv.*, No. DA0752010629–I–1, 91 M.S.P.R. 128 (M.S.P.B. Jan. 9, 2002). We *affirm.*

I

Mr. Craig was removed from his position of Motor Vehicle Operator at the U.S. Postal Service installation in New Orleans, Louisiana, effective August 14, 1999. He was advised of his proposed removal by letter dated August 9, 1999, which charged him with having been absent without leave.

On May 4, 2000, Mr. Craig filed a complaint with the Equal Employment Opportunity ("EEO") office of the Postal Service, alleging that his removal was on account of discrimination based on his race and physical disability. On April 6, 2001, the EEO office dismissed Mr. Craig's complaint on the ground that it had not been timely filed. EEO regulations require that such complaints be filed within 45 days of the action being challenged, in this instance, the Letter of Decision which had been issued on August 9, 1999. The EEO dismissal order informed Mr. Craig that he could pursue his case by filing a civil action complaint in the federal district court, or by filing an appeal with the Equal Employment Opportunity Commission. From the record before this court, it appears that Mr. Craig did not pursue either of those avenues.

Instead, on August 4, 2001, Mr. Craig filed an appeal with the Board, again challenging his removal. The Administrative Judge ("AJ") assigned to Mr. Craig's case issued a routine Acknowledgement Order on August 16, 2001, notifying the parties of the receipt of Mr. Craig's appeal. On August 22, 2001, the AJ issued an order regarding timeliness. The timeliness order informed Mr. Craig that his appeal must be filed within 30 days after the effective date of the action being appealed (in this instance the removal order effective August 14, 1999). Mr. Craig was informed that if he had filed a formal EEO complaint, then his appeal to the Board must be filed within 30 days after having received the final decision from the Postal Service on his EEO complaint.

Since Mr. Craig's filing with the Board indicated the date of his removal, the AJ, in the timeliness order, afforded Mr. Craig an opportunity to demonstrate how his appeal to the Board was timely. Mr. Craig responded by way of explanation saying that in his view he had filed his EEO complaint with the Postal Service on time.

The Postal Service then responded to the timeliness order, arguing that Mr. Craig's appeal to the Board was untimely and therefore should be dismissed. The AJ afforded Mr. Craig another opportunity to explain why his appeal to the Board is timely. In particular, the AJ informed Mr. Craig of his need to demonstrate that he had filed his EEO complaint with the Postal Service within 45 days of his removal. The Postal Service again moved to dismiss Mr. Craig's appeal as untimely.

II

In a decision dated September 26, 2001, the AJ granted the agency's motion to dismiss Mr. Craig's appeal as untimely. In her opinion, the AJ explained the law that governs timeliness of appeals to the Board. Because Mr. Craig filed a formal EEO complaint with the agency, he was required to file his appeal with the Board within 30 days of receipt of the agency's denial of his EEO complaint. Because 29 C.F.R. § 1614.105 requires an EEO complaint to be filed within 45 days of the action challenged, Mr. Craig's EEO complaint—filed nearly 9 months after his removal—was untimely filed. As the AJ explained in her opinion, Mr. Craig's assertion that he in fact had timely filed his complaint with the EEO office in the Postal Service is unsupported. The record before the AJ to the contrary supported the agency's view that Mr. Craig had not filed his EEO complaint within 45 days of his removal. The AJ also explained that in any event, in order for Mr. Craig's appeal to the Board to be timely, it must have been filed within 30 days from the date the agency EEO office dismissed his EEO complaint. The EEO complaint was dismissed on April 6, 2001, a fact that Mr. Craig does not challenge. Thus, his appeal to the Board, filed on August 4, 2001—well more than 30 days after April 6, 2001—itself is untimely.

For good cause shown, the Board excuses late filings. *See* 5 C.F.R. §§ 1201.12, 1201.22(c) (2002). The AJ explained the reasons why the Board will excuse late filings, citing *Alonzo v. Department of the Air Force*, 4 M.S.P.B. 262, 4 M.S.P.R. 180, 184 (1980). Because Mr. Craig offered no explanation for his untimely appeal other than his argument that he had timely filed his EEO complaint, the AJ granted the agency's motion to dismiss.

Mr. Craig sought review of the AJ's decision by the full Board, which declined his review petition. The decision of the AJ thus became the final decision of the Board, and Mr. Craig filed his petition for review in this court.

## III

We have jurisdiction to hear Mr. Craig's petition pursuant to 28 U.S.C. § 1295(a)(9). Our power to upset final decisions of the Board is limited. We must affirm final decisions of the Board unless we find the decision arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). Where a decision of the Board is grounded on a finding of fact, the finding of fact must be supported by substantial evidence. *Id.* When the Board decides not to exercise its discretion to excuse untimeliness, we review the Board's decision for abuse of discretion. *Turner v. Merit Sys. Prot. Bd.*, 806 F.2d 241, 247 (Fed.Cir.1986). In this case, the Board correctly states the law requiring appeals to the Board to be filed within 30 days of the agency action challenged or within 30 days of an agency's denial of an EEO complaint, whichever is later. Here, Mr. Craig's appeal to the Board is untimely under both tests. He was afforded ample opportunity to explain why his untimely appeal should be excused, and the Board concluded that he had not offered proof of an explanation as to why his appeal should be excused from the clear time requirements. Substantial evidence supports the Board's finding that Mr. Craig has not offered a sufficient reason to waive the applicable time requirements.

Because we perceive no error in the final decision of the Board, we must affirm that decision.