# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEITH R. CRAIG,
      Appellant,

    v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
DA-0752-16-0261-I-1

DATE: December 12, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paulette Craig, La Place, Louisiana, for the appellant.

Xinyu Yang, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as barred by the doctrine of collateral estoppel. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      On February 11, 2016, the appellant filed this appeal challenging his removal from his Motor Vehicle Operator position, effective August 14, 1999. Initial Appeal File (IAF), Tab 1 at 7, 9.[2] The appellant previously filed a Board appeal concerning the same removal action, which was dismissed as untimely filed. *Craig v. U.S. Postal Service*, MSPB Docket No. DA-0752-01-0629-I-1, Initial Decision (Sept. 26, 2001). The Board denied the appellant's petition for review of the initial decision. *Craig v. U.S. Postal Service*, MSPB Docket No. DA-0752-01-0629-I-1, Final Order (Jan. 9, 2002). The appellant requested review of the Board's decision by the U.S. Court of Appeals for the Federal Circuit, which affirmed the Board's decision. *Craig v. Merit Systems Protection Board*, 44 F. App'x 465 (Fed. Cir. 2002).

---

[2] On his appeal form, the appellant referenced the effective date of his removal as April 5, 2000. IAF, Tab 1 at 87. However, the administrative judge determined that his removal was effective August 14, 1999, the date stated in the agency's removal decision letter, not April 5, 2000, the date the agency completed the processing of the removal action following its denial of the appellant's grievance. Initial Decision at 1 n.1. The appellant does not dispute this finding on review, and we discern no error in the administrative judge's analysis.

¶3    Consequently, the administrative judge issued an order informing the appellant of the criteria under which an appeal is barred by the doctrine of collateral estoppel and ordering the appellant to file evidence and argument to show why his appeal should not be dismissed.  IAF, Tab 13.  In response, the appellant contended that he was appealing the prior decision on his removal, which he asserted he had not previously appealed.  IAF, Tab 16 at 23.  The appellant also submitted various medical documents and contended that his appeal was untimely filed due to his mental disability.  IAF, Tab 16.

¶4    Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal as barred by the doctrine of collateral estoppel.  IAF, Tab 18, Initial Decision (ID).  The administrative judge found that all four criteria for collateral estoppel had been met and, therefore, collateral estoppel precluded the appellant from relitigating the timeliness of his appeal.  ID at 4.

¶5    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.[3]  The agency has opposed the appellant's petition.  PFR File, Tab 6.  The appellant has filed a reply.  PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    Collateral estoppel, or issue preclusion, precludes a party from relitigating an issue when:  (1) the issue is identical to one in a prior action; (2) the issue was actually litigated in the prior action; (3) the previous determination of that issue was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action.  *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005).

---

[3] The appellant also has filed several supplements to his petition for review, which we have considered.  PFR File, Tabs 2-4.

¶7    The dispositive issue for purposes of the collateral estoppel analysis is whether the appellant timely appealed his August 14, 1999 removal or whether he established good cause for the delay under 5 C.F.R. § 1201.22(c). We agree with the administrative judge that all four criteria for collateral estoppel have been met with respect to this issue. ID at 4. The record shows that the issue of the timeliness of the appellant's appeal was actually litigated in the prior appeal and the determination that the prior appeal was untimely filed without good cause was necessary to the resulting dismissal. *See Craig v. Merit Systems Protection Board*, 44 F. App'x 465 (Fed. Cir. 2002); *Craig v. U.S. Postal Service*, MSPB Docket No. DA-0752-01-0629-I-1, Initial Decision (Sept. 26, 2001).

¶8    The appellant's representative, who is also his wife, argues that the appellant was not able to timely file an appeal because he is mentally disabled and she did not realize that there was a filing deadline. IAF, Tab 5 at 9. However, in the prior appeal the appellant did not raise any argument concerning good cause for his untimely filing, despite being afforded an opportunity to do so, but rather argued that his appeal was timely. *Craig v. U.S. Postal Service*, MSPB Docket No. DA-0752-01-0629-I-1, Initial Decision at 4 (Sept. 26, 2001). Thus, we find that the appellant has not demonstrated that he was denied an opportunity to show good cause for his untimeliness, but rather he was afforded a full and fair opportunity to litigate the issue. Under these circumstances, the administrative judge correctly found that the appellant was precluded from relitigating the timeliness issue under the doctrine of collateral estoppel.[4] *See Nebblett v. Office*

---

[4] Even if the appellant were not collaterally estopped from relitigating his claim, he has not shown that good cause exists for his substantial filing delay because he has not adequately explained how his medical condition prevented him from pursuing his appeal for more than 16 years. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998) (stating that, to establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time).

*of Personnel Management*, 73 M.S.P.R. 342, 347 & n.2 (1997) (noting that the Board's prior dismissal of the appellant's appeal of an Office of Personnel Management reconsideration decision as untimely barred her subsequent appeal of the same reconsideration decision), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) (Table).

¶9     On review, the appellant disputes the merits of the agency's decision to remove him and submits various documents concerning his work performance, fitness for duty, and his application for disability retirement.  PFR File, Tabs 1-4. Such evidence, however, is not relevant to the collateral estoppel issue and, therefore, does not provide a basis to disturb the initial decision.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                Jennifer Everling
                Acting Clerk of the Board

Washington, D.C.